This is a suit for the judicial determination of a boundary line between certain adjoining tracts of land owned by plaintiff and defendant. An exception of lis pendens was filed by defendant and overruled. *Page 650 
The surveyor appointed under order of the Court filed a map of his survey which was opposed by the defendant. There was judgment overruling the opposition, and fixing the boundary in accordance with the map of the surveyor, from which judgment defendant has appealed.
There has been filed on behalf of defendant-appellant, in this Court, a motion for a stay of proceedings, or, in the alternative, an order remanding this case pending a judgment of the District Court on the issues presented in another suit in which the parties are identical with those in the case before us. This motion sets forth that a suit styled James E. Selfe v. Ruth H. Travis, bearing No. 92,257 on the docket of the First District Court, Caddo Parish, Louisiana, filed long prior to the matter before us on appeal, has been fully tried, evidence adduced and closed.
Attached to the motion we find certified copies of the pleadings in the case to which reference is made, which pleadings indicate that the issue of boundary between the tracts of land of the respective parties was squarely raised.
It is pointed out on behalf of the defendant-appellant that the final adjudication of the matter now before us on appeal might have the effect of determining a boundary line as between the respective properties of the parties involved, thereby, in effect, depriving plaintiff of any relief by appeal from any judgment which may hereafter be rendered by the District Court in the suit first filed.
We are constrained to agree with the argument advanced in support of this motion. While we concede that the plaintiff in the suit before us is unquestionably entitled to the determination of a boundary line which has not been judicially established nor agreed to by the parties, we, nevertheless, must consider that the matter of an agreement as to the boundary line was raised in the first suit. Accordingly, we think it would ill accord with the ends of justice as between the parties to make a pronouncement fixing a boundary line under the issues advanced in the present case without the opportunity to consider the issues and proof in the other cause which is now still pending in the District Court.
Rather than risk the possibility of depriving either party of any rights by a too hasty consideration of a restricted issue of boundary and the consequent judicial determination thereof, we feel it would be in accord with principles of equity and justice to stay proceedings in this case pending judgment in Suit No. 92,257 on the docket of the First District Court, Caddo Parish, Louisiana, and it is so ordered.